# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| KYLE JOSHUA SMALLWOOD, | : | Case No. 1:24-cv-76 |
| Plaintiff, | : | |
| vs. | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Stephanie K. Bowman |
| ANNETTE CHAMBERS SMITH, *et. al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS

Plaintiff Kyle Joshua Smallwood ("Plaintiff"), an inmate at Chillicothe Correctional Institution ("CCI"), proceeding without the assistance of counsel, filed a complaint under 42 U.S.C. § 1983 (the "Complaint") on January 23, 2024, in the Court of Common Pleas, Highland County, Ohio. (Docs. 1-1, 2).[1] The case was removed to this Court on February 20, 2024, by Defendants Highland County Sheriff, J.D. Adams, Steve Alexander, and Devan Goens after an answer was filed. *See* (Doc. 1 and attachments). The filing fee has been paid and removal appears appropriate.[2] *See* (Text Doc. 1). The matter is currently before the undersigned Magistrate Judge

---

[1] The state court complaint, answer to the complaint, and other documents pertinent to removal were filed as attachments in docket entry 1. *See* (Doc. 1 and attachments). The complaint and answer were then refiled as docket entries 2 and 3 by the Clerk's Office of this Court. *See* (Docs. 2, 3). For ease of reference throughout this report and recommendations this Court shall refer to the complaint at docket entry 2 (the "Complaint"), and the answer at docket entry 3 (the "Answer") as the operative pleadings.

[2] All defendants who were served in the state court proceeding, as well as defendant Adena Health Center Urgent Care, which was not served, consented to removal. *See* (Doc. 1 at PageID 2). The Court notes that to the extent defendant filed an answer in state court prior to removing the action, courts in this circuit have generally found that "the filing of an answer in state court does not render removal improper." *See, e.g., Harrison v. Diamond Pharmacy Servs.*, No. 4:21CV-00063, 2022 WL 566787, at *3 (W.D. Ky. Feb. 24, 2022); *Louis Trauth Dairy LLC v. The Risers Corp.*, No. C2-02-935, 2002 WL 31951268, at *2 (S.D. Ohio Dec. 10, 2002).

to conduct the initial screen of Plaintiff's Complaint and Supplement as required by law.³  28 U.S.C. § 1915A(a).

For the reasons that follow, the Court **RECOMMENDS** that Defendant the Highland County Sheriff's Department be **DISMISSED** from this proceeding **with prejudice** as improper party.  The Court further **RECOMMENDS** that all claims by which Plaintiff seeks release from incarceration be **DISMISSED with prejudice** as non-cognizable.  Further, the Court **RECOMMENDS** that Plaintiff's Fourth Amendment excessive force claim against defendants Adams, Alexander, and Goens be allowed to **PROCEED**.  Finally, the Court **RECOMMENDS** that all remaining claims against all remaining defendants be **DISMISSED without prejudice** for the reasons set forth herein.

## I.  FACTUAL BACKGROUND

Plaintiff, an inmate at CCI filed this action under 42 U.S.C. § 1983, naming Highland County Sheriff's Department Deputies J.D. Adams ("Adams"), Steve Alexander ("Alexander"), and B. Goens ("Goens"), Deputy Sergeants Carroll ("Carroll") and Kuhn ("Kuhn") (collectively the "Officer Defendants"), the Highland County Sherriff's Department ("Highland County Sheriff"), and Adena Health Center Urgent Care ("Adena Health") as defendants.  (Doc. 2 at PageID 23).

Plaintiff alleges that on February 8, 2022, while being arrested for a probation violation, Highland County Deputies Adams, Alexander, and Goens struck him repeatedly in his back with their knees "without justification," even though Plaintiff was lying face down on the ground in front of a police cruiser, "offering no resistance."  (*Id.* at PageID 24–25).  As a result of the

---

³ The filing of defendants' answer does not preclude the need for a screen.  *See, e.g.*, *Sanders v. Ocean Cty. Bd. of Freeholders*, No. CV165380, 2016 WL 6542834, at *1 n.1 (D.N.J. Nov. 3, 2016); *see also Lark v. Dillman*, No. 1:13-CV-0335, 2013 WL 1207467, at *2 (M.D. Pa. Mar. 5, 2013), *report and recommendation adopted*, No. 1:13-CV-335, 2013 WL 1207953 (M.D. Pa. Mar. 25, 2013).  (*See* Case No. 1:23-cv-200 (Doc. 12, at PageID 44 n.4)).

February 8 incident, Plaintiff alleges he suffered a spinal cord fracture and was wrongfully charged with (and later found guilty of) resisting arrest. (*Id.* at PageID 24).

Plaintiff alleges he received no treatment for his injuries for thirteen hours following the incident. (*Id.*) Although the timeline is unclear from the allegations in the Complaint, it appears that during the thirteen hours Plaintiff was transported to jail via emergency medical transport where he asked for help for his injuries from staff and officers at the jail but his requests were ignored. (*Id.* at PageID 24–25). Eventually Plaintiff was transported from the jail to Highland District Hospital, where he was seen by medical staff and "Columbus Radiology," who "documented the injury to Plaintiff[']s back and ordered Ex-rays along with an MRI." (*Id.* at PageID 25–26). Plaintiff asserts he was diagnosed with a fracture to the spinal cord, which if left untreated could result in his paralysis or even death. (*Id.* at PageID 26).

Plaintiff alleges he was given pain medication and referred to an orthopedic surgeon and released.[4] Upon release Plaintiff alleges he was instructed to refrain from walking for several days to avoid further injury, but that "defendants" ignored the restriction and kept Plaintiff on his feet for transportation back to the jail. (*Id.*) Plaintiff alleges he requested a grievance form to report the alleged lack of medical care or compliance with his treatment plan but was denied access to a grievance form by several unnamed staff members on multiple occasions. (*Id.*)

The Court construes Plaintiffs Complaint as alleging claims of: Fourth Amendment excessive force, and malicious prosecution/conspiracy to commit against defendants Adams, Alexander, and Goens, a municipal liability claim against Highland County Ohio, a general claim for failure to provide access to a grievance procedure, and Eighth Amendment cruel and unusual

---

[4] It is unclear from the allegations in the Complaint how long Plaintiff was hospitalized, and if or when he was seen by an orthopedic surgeon, or any future treatment he may have received or has scheduled.

3

punishment for deliberate indifference to medical needs against unnamed parties. (*Id.* at PageID 25).

Plaintiff alleges he received injuries to his torso including multiple bruises and a fractured spine and he that he continues to suffer from reduced mobility and other undescribed permanent disabilities. (*Id.* at 26). As relief Plaintiff seeks damages to recover his costs of medical treatment and punitive damages. (*Id.*) It also appears Plaintiff seeks dismissal of the resisting arrest charge brought against him. (*Id.* at 25).

**II. STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *pro se*, seeking "redress from a governmental entity or officer or employee of a governmental entity," and is also incarcerated, the Court is required to conduct an initial screen of his Complaint under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

A complaint is frivolous if the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328–29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. Even though the statute of limitations is an affirmative defense, a complaint may be dismissed solely on the basis of failure to state a claim upon which relief may be granted when it appears clear on initial screening of a complaint that the action is time-barred. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).

To state a claim for relief, a complaint must set forth "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint that consists of mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); citing Fed. R. Civ. P. 8(f)). Even with such a liberal construction, however, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory.'" *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

## III. RECOMMENDATIONS BASED ON INITIAL REVIEW

Plaintiff timely[5] seeks relief pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color

---

[5] Plaintiff's Complaint, filed on January 24, 2024, was filed within two years of his February 8, 2022, arrest, and therefore is timely as, "[t]he applicable statute of limitations for 42 U.S.C. § 1983 claims arising in Ohio requires that claims be filed within two years of their accrual." *Huntsman v. Perry Local Schools Bd. of Educ.,* 379 F. App'x 456, 461 (6th Cir. 2010).

5

of state law.[6] *Parratt v. Taylor,* 451 U.S. 527, 535 (1981) (overruled in part by *Daniels v. Williams,* 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks,* 436 U.S. 149, 155–56 (1978); *Black v. Barberton Citizens Hosp.,* 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir. 1991).

With these concepts in mind this Court reviewed Plaintiff's claims, breaking them into the following categories: claims recommended for dismissal with prejudice, claims recommended for dismissal without prejudice, and claims this Court recommends be allowed to proceed.

### A. Dismissal with Prejudice

#### 1. All claims against defendant Highland County Sheriff's Department

Plaintiff names the Highland County Sheriff's Department as a defendant, however, under Ohio law a sheriff's department is not a proper defendant in a Section 1983 action. *See Petty v. Franklin County,* 478 F.3d 341, 347 (6th Cir. 2007) (citing *Barrett v. Wallace*, 107 F. Supp. 2d 949, 954–55 (S.D. Ohio 2000)).

For this reason, this Court **RECOMMENDS** all claims against the Highland County Sheriff's Department be **DISMISSED with prejudice.**

#### 2. All claims seeking dismissal of charges

To the extent that Plaintiff seeks dismissal of his resisting arrest charge and conviction, such relief is not available under § 1983. When a state prisoner "seeks ... a determination that he is entitled to immediate release or a speedier release from ... imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

---

[6] The Court notes that police officers are generally considered to act under color of state law. *See United States v. Torres–Ramos,* 536 F.3d 542, 554 (6th Cir. 2008); *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001) (citing *Graham v. Connor*, 490 U.S. 386, 394 (6th Cir. 1989)).

For this reason, this Court **RECOMMENDS** all claims seeking dismissal of the resisting arrest charge and conviction be **DISMISSED with prejudice** as such relief is not cognizable under § 1983.

### B. Dismissal without Prejudice

#### 1. All claims against defendants Carroll, Kuhn, and Adena Health

Plaintiff names Carroll, Kuhn, and Adena Health as defendants. (Doc. 2 at PageID 23). However, because Plaintiff has not alleged facts to support any claims against these three defendants, this Court recommends that they be dismissed entirely from this suit.

Identifying who harmed the plaintiff and how they did so is a "basic pleading essential" required to state a claim. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) (courts "are not required to conjure up allegations not pleaded or guess at the nature of an argument."). "The Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege...facts that demonstrate what *each* defendant did that violated the asserted constitutional right.'" *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). That is, Plaintiff must show that the alleged violation of his constitutional rights "was committed *personally*" by the defendant. *Id*. (emphasis in original); *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (persons sued in their individual capacities under § 1983 are liable only for their own unconstitutional behavior) (citations omitted).

Here, defendants Carroll, Kuhn, and Adena Health are named as defendants in the case caption but are otherwise not mentioned in the Complaint. *See* (Doc. 2). Plaintiff provides no information regarding how Carroll, Kuhn, or Adena Health allegedly violated Plaintiff's rights.

7

*Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983," without connecting the claims alleged with a specific defendant or defendants) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). Moreover, in relation to defendant Adena Health, due to the lack of any specific allegations, this Court is unable to determine whether Adena Health qualifies as a "person acting under color of law" as required to proceed under § 1983.

For these reasons, this Court **RECOMMENDS** that defendants Carroll, Kuhn, and Adena Health and all claims against them in both their *official and individual capacities* be **DISMISSED without prejudice.**

### 2. All claims against the remaining defendants in their official capacities[7]

"[N]either a State nor its officials acting in their official capacities are 'persons' or purposes of § 1983 liability." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (explaining that an official capacity suit against a state official is no different from a suit against the state itself). An official capacity suit is generally another way of pleading suit against the entity of which the defendant is an agent, official, or employee, and the pleader may recover damages against the entity rather than the personal assets of the individual. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Therefore, when an individual state actor is sued in his or her official capacity,

---

[7] Plaintiff does not state whether he seeks to sue any defendant in their individual capacity, official capacity, or both. *See* (Doc. 2 at PageID 23) (listing the name of each party followed by "defendants."). Generally, in the Sixth Circuit, where a plaintiff does not indicate whether a government official is sued in his or her individual or official capacity, only "absent *any* indication that these defendants are being sued individually, we must assume that they are being sued in their official capacities." *Moore*, 272 F.3d at 772 (emphasis in original) (internal citation and quotation omitted). However, in the interest of providing a thorough review, the Court shall review the claims against the remaining defendants Adams, Alexander, and Goens as if Plaintiff intended to sue them in both their individual and official capacities.

8

"in all respects other than name, [the suit or claim is] to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

As Adams, Alexander, and Goens are employed by the Highland County Sheriff, any claims against them in their official capacity would be construed as claims against the County of Highland, Ohio. However, local governments like the County of Highland, Ohio, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

"To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom." *Nichols v. Wayne Cnty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) (citing *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017)). Here, Plaintiff meets the first element as he alleges Fourth Amendment excessive force claims and Eighth Amendment deliberate indifference to medical needs claims, both of which arise under the constitution.

To establish an unconstitutional "policy" or "custom" he must demonstrate one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). This Court construes Plaintiff's allegations as alleging both a failure to train claim and a custom of tolerance claim. (Doc. 2 at PageID 24–25).

9

To proceed on a failure to train theory, Plaintiff must allege facts showing that (1) a training program is inadequate to the tasks that the officers must perform; (2) the inadequacy is the result of the city's deliberate indifference; and (3) the inadequacy is closely related to or actually caused the plaintiff injury. *Plinton v. County of Summit,* 540 F.3d 459, 464 (6th Cir. 2008) (citing *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389–91 (1989)) (internal quotation marks omitted). In this context, deliberate indifference can be demonstrated in two ways: "through evidence of prior instances of unconstitutional conduct demonstrating that the [municipality] had notice that the training was deficient and likely to cause injury but ignored it," or "through evidence of a single violation of federal rights, accompanied by a showing that the [municipality] had failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Harvey v. Campbell County, Tenn.,* 453 Fed. Appx. 557, 562–63 (6th Cir. 2011) (internal citations omitted).

Plaintiff alleges that Highland County sheriff's officers are improperly trained or simply lack any training for determining when medical care is needed, citing to the use of excessive force and failure to provide immediate medical care to himself as support. (Doc. 2 at PageID 24). However, Plaintiff's Complaint contains no allegations of prior instances of unconstitutional conduct such that the County of Highland had notice of a training deficiency. Further, Plaintiff alleges no facts indicating any lack of training in connection with the alleged failure to obtain medical care for Plaintiff by the remaining defendants. While Plaintiff alleges that he was denied medical care for 13 hours, as discussed further in the section addressing his Eighth Amendment claims he also does not state who denied him care, or the circumstances surrounding the denial(s). (*Id.*) Nor does Plaintiff allege facts connecting the County's alleged failure to train with a deliberate or conscious choice to ignore providing training for such events with the knowledge that

10

such events potentially occur. *Sanford v. Cnty. of Lucas, Ohio*, No. 3:07-CV-3588, 2009 WL 723227, at *5 (N.D. Ohio, Mar. 16, 2009).

Similarly, a custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims. *See Thomas v. City of Chattanooga,* 398 F.3d 426, 433 (6th Cir. 2005); *Leach v. Shelby Cnty. Sheriff,* 891 F.2d 1241, 1248 (6th Cir. 1989). However, "a plaintiff would not need to establish a pattern of past misconduct where the actor was a policymaker with final policymaking authority." *Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481–84 (1986) (plurality opinion); *Miller v. Calhoun Cnty.,* 408 F.3d 803, 816 (6th Cir. 2005)). On a single-act theory, "a plaintiff must demonstrate that a 'deliberate choice to follow a course of action is made from among various alternatives by the official ... responsible for establishing final policy with respect to the subject matter in question,'" and must be a "moving force behind or cause of the plaintiff's harm." *Id.* (quoting *Pembaur,* 475 U.S. at 483).

Here, in support for his custom of tolerance claim Plaintiff alleges that the "Sheriff or his administrators deliberately allow the OIC (Officer in Charge) to stop individuals from getting emergency help" for reasons ranging from being short staffed to failing to consider an incident as an emergency "based on protocol from policies covering their actions" resulting in "indifference to situations." (Doc. 2 at PageID 25). However, although Plaintiff concludes that the County deliberately fails to provide emergency help to "individuals," he points to no prior instances of similar misconduct. *See Burgess*, 735 F.3d at 478 (requiring allegations of similar misconduct). Plaintiff also fails to provide any allegations addressing the action of a specific official, rendering any single-act theory claim insufficiently plead.

Accordingly, this Court **RECOMMENDS** all claims against the County of Highland as

construed via official capacity claims against any defendants be **DISMISSED without prejudice**.

### 3. Eighth Amendment – Deliberate Indifference to Medical Needs

Plaintiff' alleges that during his February 8, 2022, arrest he suffered a "spinal cord fracture" as well as abdominal scrapes and bruises, but that he was denied medical treatment for thirteen hours before being taken to a hospital for treatment. (Doc. 2 at PageID 25). Further, upon release Plaintiff alleges he was given medical restrictions of no walking for several days to "prevent further injury" but that those restrictions were ignored, and Plaintiff was kept "upon his feet for transportation back to the jail." (*Id.* at PageID 26). As a result of his injuries Plaintiff alleges he now has "reduced mobility and permanent disability." (*Id.*)

Under the Eighth Amendment's prohibition against cruel and unusual punishment, prison officials are forbidden from " 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward [ ] serious medical needs." *Blackmore v. Kalamazoo County,* 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle,* 429 U.S. at 104). Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410 (1997). A claim of deliberate indifference to medical needs is described as requiring an objective and subjective component, both of which must be established by a plaintiff: (1) a sufficiently grave deprivation of a basic human need (the objective component); and (2) a sufficiently culpable state of mind on behalf of the person acting under color of state law (the subjective component). *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

In relation to the objective component, because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *See Estelle,* 429 U.S., at 103-104.

12

A sufficiently serious medical need is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash,* 539 F.3d 510, 518 (6th Cir. 2008) (citations omitted). Serious medical needs have been found when a failure to treat an injury or condition could result in "further significant injury or the unnecessary and wanton infliction of pain." *Ford v. LeMire*, No. 03-CV-10176-BC, 2004 WL 1234137, at *4 (E.D. Mich. June 1, 2004) (internal quotations omitted) (quoting *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds by WMX Technologies v. Miller,* 104 F.3d 1133 (9th Cir. 1997)).

The subjective element requires a showing that prison officials have "a sufficiently culpable state of mind in denying medical care." *Id.* (internal citation and quotation omitted). Although "it is not necessary that the prison officials consciously sought to inflict pain by withholding treatment," *Molton v. City of Cleveland,* 839 F.2d 240, 243 (6th Cir. 1988), "[m]ere negligence is not sufficient," *Hicks v. Frey,* 992 F.2d 1450, 1455 (6th Cir. 1993). Rather, the plaintiff must "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary,* 273 F.3d 693, 703 (6th Cir. 2001). In other words, "[t]he official's conduct 'must demonstrate deliberateness tantamount to an intent to punish.'" *Hicks,* 992 F.2d at 1455 (quoting *Molton,* 839 F.2d at 243).

Plaintiff's allegations lack the requisite facts to support his deliberate indifference claim. Plaintiff alleges he was denied medical care for thirteen hours, but he does not indicate who denied him care. While he alleges defendants Adams, Alexander, and Goens were present for the arrest, he does not indicate if they were aware of his injuries or how long they were in his presence after the arrest was effectuated. Plaintiff alleges he was transported to a jail but does not mention who

13

transported him or whether he asked for assistance for his injuries during transport, or who was aware or his injuries when he arrived at the jail, simply alleging he notified "[d]epartment staff and the jail" but was ignored. (Doc. 2 at PageID 25–26).

As a spinal cord fracture is not readily visible to the naked eye, and as Plaintiff provides no detail regarding the nature or extent of his visible injuries, nor does he provide any information regarding who he notified of his need for medical care, there is no information to allow this Court to determine who violated Plaintiff's rights. Put another way, this Court cannot presume which defendants were aware of Plaintiff's need for medical care without specific allegations connecting a defendant to the claim. To the extent Plaintiff alleges he was forced to stand for transport from the hospital back to the jail in violation of medical advice, this allegation suffers from the same lack of defendant-claim connection.

As at this stage of review Plaintiff's Complaint meets the objective pleading standard for a deliberate indifference to medical needs claim but fails to connect any defendants with the claims made. Dismissal is appropriate where a plaintiff wholly fails to link defendants to the violations alleged as a court cannot attempt to "match particular defendants with particular allegations where the plaintiff has failed to do so." *Culberson v. Franklin Cnty. Correction,*, No. 2:22-CV-3671, 2022 WL 17600955, at *3 (S.D. Ohio Dec. 13, 2022).

Accordingly, this Court **RECOMMENDS** all Eighth Amendment claims against all defendants in their *individual capacities* be **DISMISSED without prejudice**.

### 4. Access to Grievance Procedure

Although not specifically alleged as a claim, Plaintiff alleges he was denied access to filing grievances. (Doc. 2 at PageID 26). However, to the extent Plaintiff sought to file such a claim it cannot proceed.

14

There is "no constitutional right to an effective, fair, or properly functioning prison grievance procedure, and a prison inmate does not have a constitutionally protected interest in prison grievance procedures." *Young v. Hodge*, No. 3:12-0009, 2012 WL 5494892, at *7 (M.D. Tenn. Nov. 13, 2012), *report and recommendation adopted*, No. 3:12-CV-0009, 2013 WL 440964 (M.D. Tenn. Feb. 5, 2013) (citing *Walker v. Michigan Dep't of Corr.,* 128 Fed. Appx. 441 (6th Cir. 2005); *Miller v. Haines,* 156 F.3d 1231, 1998 WL 476247 (6th Cir. Aug.3, 1998); *Spencer v. Moore,* 638 F. Supp. 315 (E.D. Mo. 1986); *Azeez v. DeRobertis,* 568 F. Supp. 8 (N.D. Ill. 1982)). Moreover, Plaintiff does not allege who he requested a grievance form from. Therefore, even if such a claim was potentially viable, this claim suffers from the same defect as many of his other claims—a lack of connection between the claim made and any specific defendant.

For these reasons, this Court **RECOMMENDS** all claims regarding the grievance procedure against all defendants in their *individual capacities* be **DISMISSED without prejudice** for failure to state a claim on which relief may be granted**.**

### 5. False Arrest

Plaintiff alleges that he was falsely arrested, but he does not connect his false arrest claim to the probation violation which was the basis for his arrest on February 8, 2022. Instead, it appears Plaintiff alleges that he was charged with and found guilty of resisting arrest *during* his arrest for probation violations, and that such charges were falsely brought. *See* (Doc. 2 at PageID 24).

While Ohio law recognizes the tort of false arrest, such a claim "requires proof that one was intentionally confined ... for any appreciable time, against [her] will and without lawful justification." *Evans v. Smith,* 97 Ohio App.3d 59, 70, 646 N.E.2d 217, 224 (1994). Here, Plaintiff was arrested for a probation violation, which he does not contest. Moreover, he was found guilty

of the resisting arrest charge, indicating lawful justification existed for those charges. As such, any claim for wrongful arrest must fail.

For these reasons, this Court **RECOMMENDS** all claims for false arrest against all defendants in their *individual capacities* be **DISMISSED without prejudice** for failure to state a claim on which relief may be granted.

### 6. Malicious Prosecution and Civil Conspiracy

Plaintiff appears to allege that defendants Adams, Alexander and Goens conspired to maliciously prosecute Plaintiff via bringing allegedly false resisting arrest charges against him. (Doc. 2 at PageID 25). Both claims, however, are subject to dismissal.

For malicious prosecution claims, "the statute of limitations begins to run when the *criminal proceedings* against the defendant are terminated, regardless of the stage at which those proceedings may have been when terminated." *Dawson v. Monroe Cnty., Tenn.*, No. 3:13–CV–240, 2014 WL 700400, at *5 (E.D. Tenn. 2014) (emphasis added) (citing *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). However, malicious prosecution is a type of claim that accrues "only once the underlying criminal proceedings have resolved in the plaintiff's favor." *McDonough v. Smith*, 588 U.S. ---, 139 S. Ct. 2149, 2156 (2019) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)).

Plaintiff's malicious prosecution claim is therefore premature as Plaintiff does not allege that the underlying criminal prosecution against him has terminated in his favor.[8] *Rembert v. Fishburn*, No. 3:15-cv-0949, 2015 WL 5842149, at *2 (M.D. Tenn. 2015) (malicious prosecution claim is premature when criminal proceedings have yet to conclude). As a "claim for civil

---

[8]While Plaintiff alleges that he was found guilty of resisting arrest, the claim is premature to the extent he may be in the process of, or is still able to, seek review of that charge in the state courts.

conspiracy under § 1983 exists only where the plaintiff has established a separate and actionable constitutional injury," a civil conspiracy claim cannot proceed without a corresponding actionable constitutional claim. *Braxton v. Heritier*, No. 14-12054, 2015 WL 3915857, at *5 (E.D. Mich. 2015) (quoting *Rapp v. Dutcher*, 557 F. App'x 444, 450 (6th Cir. 2014)). Put another way, a civil conspiracy claim survives only to the extent a separate constitutional claim also survives. *Id.* As Plaintiff's malicious prosecution claims are premature, any civil conspiracy claims relating to it also must fail.

As such, this Court **RECOMMENDS** all malicious prosecution claims against all defendants (as well as any due process, equal protection, and conspiracy claims relating to his malicious prosecution claims) must be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted subject to Plaintiff's ability to reassert such claims if he is eventually exonerated on the resisting arrest charges.

C. **Claim That May Proceed**

Plaintiff brings a claim of Fourth Amendment excessive force against defendants Adams, Alexander, and Goens resulting from the fractured back and torso injuries he sustained during his arrest on February 8, 2022. (Doc. 2 at PageID 24–25).

A criminal suspect has a "constitutional right to be free from the use of physical force by police officers when he is not resisting efforts to apprehend him." *Moser v. Etowah Police Dep't*, 27 F.4th 1148, 1154 (6th Cir. 2022) (quoting *Coffey v. Carroll*, 933 F.3d 577, 589 (6th Cir. 2019) (citing *Hagans v. Franklin Cnty. Sheriff's Off.*, 695 F.3d 505, 509 (6th Cir. 2012)). A claim that a police officer used excessive force in the course of an arrest is properly analyzed under the Fourth Amendment and its "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). *See also Smith v. City of Troy, Ohio*, 874 F.3d 938 (6th Cir. 2017). Under this standard,

17

the court must take into consideration the totality of the circumstances, *Graham,* 490 U.S. at 396, including "whether the officer's use of force was reasonable, the court must consider the severity of the crime at issue, whether the suspect posed a threat to the officers or others, and whether the suspect was actively resisting arrest or attempting to avoid arrest by fleeing." *Smith*, 874 F.3d at 944 (citation omitted).

Plaintiff alleges that when he was being placed under arrest, he was lying face down, "offering no resistance" when defendants Adams, Alexander, and Goens, caused significant injury to his abdomen including fracturing his spine via striking him repeatedly in his back with their knees, in violation of the Fourth Amendment. (Doc. 2 at PageID 24–25). While defendants Alexander, Adams and, Goens deny they caused any serious bodily harm to Plaintiff during his arrest and that Plaintiff suffered no acute injury as a result, at this stage in the proceeding Plaintiff's allegations, considering the severity of the injuries to Plaintiff and Plaintiff's alleged compliance with the officer's instructions during his arrest, meet the pleading standard to allow a Fourth Amendment excessive force claim against Alexander, Adams, and Goens to proceed at this stage of review.

However, while defendants Alexander, Adams and, Goens deny they caused any serious bodily harm to Plaintiff, they also allege they are immune to any claims against them. (Doc. 3 at PageID 29–30). Government officials sued in their individual capacities are entitled to seek qualified immunity. *Pearson v. Callahan,* 555 U.S. 223 (2009). This immunity extends to officials performing discretionary functions unless their actions violate a constitutional right that was clearly established at the time of their misconduct. *Id.* A right is "clearly established if [a] reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

18

Here, to the extent Adams and Alexander assert a qualified immunity claim, "[w]here ... the reasonableness of the force utilized turns upon which party's version of the facts is accepted, a court should not grant summary judgment on qualified immunity grounds." *See Murray–Ruhl v. Passinault,* 246 F. App'x 338, 343 (6th Cir. 2007). At this stage in the proceedings, affording the liberal construction of claims and taking all claims Plaintiff alleges as true as this Court must, dismissal on qualified immunity grounds is not appropriate.

As such, this Court **RECOMMENDS** that Plaintiff's Fourth Amendment excessive force claim against Adams, Alexander, and Goens be allowed to **PROCEED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Highland County Sheriff's Department be **DISMISSED** from this proceeding **with prejudice** as an improper party. The Court further **RECOMMENDS** that all claims by which Plaintiff seeks release from incarceration be **DISMISSED with prejudice** as non-cognizable. Further, the Court **RECOMMENDS** that only Plaintiff's Fourth Amendment excessive force claim against defendants Adams, Alexander, and Goens be allowed to **PROCEED** and that all remaining claims against all remaining defendants be **DISMISSED without prejudice**.

2. The Court further **RECOMMENDS** that the District Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied.

June 11, 2024*s/Stephanie K. Bowman*
Stephanie K. Bowman
UNITED STATES MAGISTRATE JUDGE

**Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, **within fourteen (14) days** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).