**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| KYLE JOSHUA SMALLWOOD, | : | Case No. 1:24-cv-76 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Judge Michael R. Barrett |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| HIGHLAND COUNTY SHERIFF, *et. al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

Plaintiff Kyle Joshua Smallwood ("Plaintiff"), an inmate at Chillicothe Correctional Institution ("CCI"), proceeding without the assistance of counsel, filed a complaint under 42 U.S.C. § 1983 (the "Complaint") on January 23, 2024, in the Court of Common Pleas, Highland County, Ohio. (Docs. 1-1, 2).[1] The case was removed to this Court on February 20, 2024, by Defendants Highland County Sheriff, J.D. Adams, Steve Alexander, and Devan Goens after an answer was filed. *See* (Doc. 1 and attachments).

This Court performed an initial review of the Complaint on June 11, 2024, recommending that all claims against all defendants be dismissed with exception of Plaintiff's Fourth Amendment excessive force claim against defendants Adams, Alexander, and Goens in their individual capacities (the "Initial Review"). ECF No. 4. On June 28, 2024, Plaintiff filed a supplement to his Complaint, seeking to address claims that this Court recommended dismissing without prejudice.

---

[1] The state court complaint, answer to the complaint, and other documents pertinent to removal were filed as attachments in docket entry 1. *See* (Doc. 1 and attachments). The complaint and answer were then refiled as docket entries 2 and 3 by the Clerk's Office of this Court. *See* (Docs. 2, 3). For ease of reference throughout this report and recommendations this Court shall refer to the complaint at docket entry 2 (the "Complaint"), and the answer at docket entry 3 (the "Answer") as the operative pleadings.

(Doc. 5 at PageID 53). Specifically, Plaintiff seeks to supplement his Eighth Amendment deliberate indifference to medical needs and "denial of grievance forms/procedure" claims (the "Supplement"). (Doc. 5).

In relation to his deliberate indifference to medical needs claim, this Court previously found that the allegations in Plaintiff's Complaint met the objective pleading standard for such a claim (noting that Plaintiff's alleged injuries were sufficiently serious to meet the objective component of the claim) but failed to establish the subjective component as there were no allegations connecting any defendants with the deliberate indifference claim. (Doc. 4 at PageID 46). In his Supplement, Plaintiff now provides the following additional facts in support of his deliberate indifference claims:

> Deputy Sergeants Carroll and Kuhn Denied and Delayed Plaintiff Medical Care upon being transported to, and received into the Highland County Jail. The First Incident occurred on Third Shift when Deputy Sergeant Carroll Willfully Denied and/or Delayed Medical Treatment. The Second Incident occurred on the very Next Shift (First Shift), when Deputy Sergeant Kuhn Willfully Denied and/or Delayed Plaintiff Medical Treatment.

(Doc. 5 at PageID 55).

Unfortunately, although Plaintiff now provides the names of defendants Carroll and Kuhn as the individuals present when the alleged deprivations occurred, Plaintiff's Supplement does not alleviate enough of his Complaint's deficiencies to allow his deliberate indifference claim to proceed.

As previously noted, "Plaintiff alleges he was denied medical care for thirteen hours, but he does not indicate who denied him care. . . . In his Complaint Plaintiff alleges he was transported to a jail, but does not mention who transported him or whether he asked for assistance for his injuries during transport, or who was aware of his injuries when he arrived at the jail, simply alleging he notified '[d]epartment staff and the jail' but was ignored." (Doc. 4 at PageID 45–46

2

(citing Doc. 2 at PageID 25–26)).  Plaintiff still provides no detail regarding who he notified of his need for medical care, if he described the medical care needed and when, or in the event his injuries were readily apparent, who saw the injuries and when.  *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

For example, in his Supplement, Plaintiff concludes that Carroll and Kuhn denied and delayed his medical care by transporting him to the jail instead of taking him to receive medical care immediately. (Doc. 5 at PageID 55)  However, Plaintiff does not indicate that Carroll or Kuhn were aware of the extent of Plaintiff's injuries.  While a line-by-line narrative of what occurred during his February 8, 2022, arrest and afterwards is not necessary to support such a claim, Plaintiff must allege facts establishing how Carroll or Kuhn became aware of Plaintiff's need for treatment (e.g. Plaintiff may have asked Carroll or Kuhn for treatment or his injuries may have been so obvious that Plaintiff believes Carroll and Kuhn should have known he needed treatment), and their response, if any.

If Plaintiff's position is that his injuries were so severe he need not have asked for treatment, he must still provide detail establishing that Carroll, Kuhn, or any other defendant saw the injuries Plaintiff sustained and that the injuries were "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash,* 539 F.3d 510, 518 (6th Cir. 2008) (citations omitted).  Put another way, to the extent Plaintiff seeks to again amend and/or supplement his Complaint, a better course is to allege as many specific facts including conversations he had with defendants about his need for medical care and their responses, a description of Plaintiff's physical state and which defendants saw his condition, and what they did, if anything.

To the extent Plaintiff alleges he was forced to stand for transport from the hospital back to the jail in violation of medical advice, this allegation suffers from the same lack of defendant-claim connection. It is unclear to this Court from the Complaint and Supplement which defendant or defendants required Plaintiff to stand for transport and if those defendants were aware of the alleged medical advice regarding Plaintiff not standing for transport.

Dismissal is appropriate where a plaintiff wholly fails to link defendants to the violations alleged as a court cannot attempt to "match particular defendants with particular allegations where the plaintiff has failed to do so." *Culberson v. Franklin Cnty. Correction,*, No. 2:22-CV-3671, 2022 WL 17600955, at *3 (S.D. Ohio Dec. 13, 2022). Accordingly, for the reasons set forth here and as previously stated in the Initial Review, this Court reaffirms its **RECOMMENDATION** that all Plaintiff's Eighth Amendment deliberate indifference to medical needs claim against all defendants in their *individual capacities* be **DISMISSED without prejudice**.

In his Supplement, Plaintiff also provides additional detail in support of his denial of access to grievance forms and grievance process claims, stating the following:

> On or about February [8], 2022, upon Release from Highland District Hospital, Plaintiff requested Grievance Forms from Several Staff Members of the Highland County Jail. He was referred to Shift Supervisors Deputy Sergeant Carroll on Third Shift and Deputy Sergeant Kuhn on First Shift. Both of these Deputy Sergeants Denied Plaintiff Grievance Forms and Access to the Grievance Procedure/System. The First Incident occurred on Third Shift when Deputy Sergeant Carroll Willfully Denied Grievance Forms. The Second Incident occurred on the very Next Shift (First Shift), when Deputy Sergeant Kuhn Willfully Denied Plaintiff Grievance Forms.

(Doc. 4 at PageID 55).

In the Initial Review this Court noted that "[t]here is 'no constitutional right to an effective, fair, or properly functioning prison grievance procedure, and a prison inmate does not have a constitutionally protected interest in prison grievance procedures.'" (Doc. 4 at PageID 47 (citing

4

*Young v. Hodge*, No. 3:12-0009, 2012 WL 5494892, at *7 (M.D. Tenn. Nov. 13, 2012), *report and recommendation adopted*, No. 3:12-CV-0009, 2013 WL 440964 (M.D. Tenn. Feb. 5, 2013) (citing *Walker v. Michigan Dep't of Corr.,* 128 Fed. Appx. 441 (6th Cir. 2005); *Miller v. Haines,* 156 F.3d 1231, 1998 WL 476247 (6th Cir. Aug.3, 1998); *Spencer v. Moore,* 638 F. Supp. 315 (E.D. Mo. 1986); *Azeez v. DeRobertis,* 568 F. Supp. 8 (N.D. Ill. 1982))).   In addition, this Court explained that although such a claim cannot proceed, even if it could, Plaintiff's Complaint lacked factual detail regarding his grievance claims. (*Id.*)

As such, although Plaintiff provides additional factual detail in his Supplement, because access to prison grievance procedures is not a constitutionally protected interest, the providing of additional factual details cannot salvage this claim.  To the extent, however, Plaintiff intended his argument regarding his alleged lack of access to the prison grievance process to be a defense to any future failure to exhaust argument as well as or instead of a separate claim,[2, 3] Plaintiff may address this issue when/if raised by a defendant as this matter proceeds.

Accordingly, for the reasons set forth here and as previously stated in the Initial Review, this Court reaffirms its **RECOMMENDATION** that all claims regarding the grievance procedure against all defendants in their *individual capacities* be **DISMISSED without prejudice** for failure to state a claim on which relief may be granted**.**

---

[2] In the Initial Review this Court construed Plaintiff's allegations relating to his lack of access to the prison grievance process as a potential claim although Plaintiff made no specific access to grievance procedure claim.  *See* (Doc. 4 at PageID 46).

[3] Section 803(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." 42 U.S.C.A. § 1997e(a) (emphasis added). "A prisoner need not exhaust remedies [however] if they are not 'available.'" *Ross v. Blake*, 578 U.S. 632, 636 (2016). "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 642 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).

## **Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, **within fourteen (14) days** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO RECOMMENDED**.


August 8, 2024                              *s/Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            UNITED STATES MAGISTRATE JUDGE