# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KYLE JOSHUA SMALLWOOD,      Case No. 1:24-cv-76

    Plaintiff,      Barrett, J.
         Bowman, M.J.

    v.

HIGHLAND COUNTY SHERIFF, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pursuant to local practice, the above-captioned pro se prisoner civil rights case has been referred to the undersigned. This Memorandum Opinion and Order considers a recently filed "Addendum/Amendment" to Plaintiff's original complaint.

## I.     Factual and Procedural Background

After Plaintiff initiated this case in state court on January 23, 2024, Defendants timely removed the case to this Court. In his original complaint, Plaintiff set out seven distinct claims against multiple Defendants. Virtually all claims relate to a spinal cord fracture that he alleges was caused by the excessive use of force during or shortly after his arrest for a probation violation on February 8, 2022, and an alleged 13-hour delay in treatment for that injury.[1]

Upon initial screening, the undersigned recommended the dismissal of all claims other than Plaintiff's Fourth Amendment excessive force claim against Defendants Adams, Alexander and Goens. (Doc. 4). While that Report and Recommendation ("R&R")

---

[1] Plaintiff identified his claims as follows: (1) excessive force; (2) cruel and unusual punishment from the unjustified delay of medical attention for 13 hours; (3) denial or delay of medical treatment for a serious medical need; (4) lack of training; (5) false arrest; (6) malicious prosecution; (7) deliberate indifference by policymakers regarding emergency medical care.

was still pending, Plaintiff filed the first "Addendum/Amendment" to his original complaint. (Doc. 5). Construing the document as a supplemental pleading, the undersigned re-screened the complaint and, in a Supplemental R&R, affirmed the prior recommendations. The Supplemental R&R found that, despite the addition of their names in conclusory allegations, Plaintiff still had not included sufficient factual detail to assert a deliberate indifference claim under the Eighth Amendment against Defendants Sgt. Carrol and Deputy Sgt. Kuhn. (*See* Doc. 8, PageID 67, "Plaintiff still provides no detail regarding who he notified of his need for medical care, if he described the medical care needed and when, or in the event his injuries were readily apparent, who saw the injuries and when."). On August 28, 2024, the presiding district judge adopted both the original R&R and Supplement R&R as the opinion of the Court. (Doc. 9).

On September 11, 2024, Plaintiff filed another "Addendum/Amendment" that attempts to remedy the prior deficiency by including additional factual details. Rule 15(a)(2) does not permit amendment of a complaint at this stage of the proceedings absent the opposing party's written consent or leave of Court. Plaintiff has neither at this time. But considering Plaintiff's pro se status and the nature of the Supplemental pleading, the undersigned will construe the latest "Addendum/Amendment" as a motion seeking leave to supplement to re-assert the previously dismissed claims.

II. **Analysis**

A. **Plaintiff's Prior Failure to Allege Sufficient Facts**

In the Supplemental R&R filed on August 8, 2024, the undersigned reviewed Plaintiff's claims against Defendants Carrol and Kuhn under the Eighth Amendment, reasoning that Plaintiff had failed to allege sufficient facts to show the personal

2

involvement of Defendants Carroll and Kuhn in the delay or deprivation of his medical care for 13 hours. The undersigned wrote:

> While a line-by-line narrative of what occurred during his February 8, 2022, arrest and afterwards is not necessary to support such a claim, Plaintiff must allege facts establishing how Carroll or Kuhn became aware of Plaintiff's need for treatment (e.g. Plaintiff may have asked Carroll or Kuhn for treatment or his injuries may have been so obvious that Plaintiff believes Carroll and Kuhn should have known he needed treatment), and their response, if any.
>
> If Plaintiff's position is that his injuries were so severe he need not have asked for treatment, he must still provide detail establishing that Carroll, Kuhn, or any other defendant saw the injuries Plaintiff sustained and that the injuries were "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008) (citations omitted). Put another way, to the extent Plaintiff seeks to again amend and/or supplement his Complaint, a better course is to allege as many specific facts including conversations he had with defendants about his need for medical care and their responses, a description of Plaintiff's physical state and which defendants saw his condition, and what they did, if anything.
>
> To the extent Plaintiff alleges he was forced to stand for transport from the hospital back to the jail in violation of medical advice, this allegation suffers from the same lack of defendantclaim connection. It is unclear to this Court from the Complaint and Supplement which defendant or defendants required Plaintiff to stand for transport and if those defendants were aware of the alleged medical advice regarding Plaintiff not standing for transport.
>
> Dismissal is appropriate where a plaintiff wholly fails to link defendants to the violations alleged as a court cannot attempt to "match particular defendants with particular allegations where the plaintiff has failed to do so." Culberson v. Franklin Cnty. Correction,, No. 2:22-CV-3671, 2022 WL 17600955, at *3 (S.D. Ohio Dec. 13, 2022).

(Doc. 8, PageID 67-68).

Although the Supplemental R&R continued to recommend dismissal of Plaintiff's deliberate indifference to medical needs claim against all defendants in their individual capacities, the recommended dismissal was *without prejudice*, leaving the door open for further amendment/supplementation. The same Supplemental R&R also considered and

affirmed the previously recommended dismissal of a claim regarding the grievance procedure as a matter of law. (*Id.*, PageID 69, "[B]ecause access to prison grievance procedures is not a constitutionally protected interest, the providing of additional factual details cannot salvage this claim.").

In his most recent "Addendum," (Doc. 10), Plaintiff seeks to further amend or supplement in order to reassert Eighth Amendment claims previously dismissed without prejudice. By adding new and detailed factual allegations, Plaintiff asserts "that he has met the pleading standards to proceed forward with and in relation to the violation of his 8th amendment deliberate indifference to medical needs by Deputy Sgt. Carroll and Deputy Sgt. Kuhn on the above dates and times." (*Id.*, PageID 77). Plaintiff identifies his "Addendum" as relating to "Claims #3, #4 and #7" regarding the denial or delay of medical care. (*Id.*, PageID 79).

### B. Clarifying the Nature of Plaintiff's Detention at the Jail

The undersigned finds it necessary to write further to clarify the constitutional underpinnings of Claim 3 - the denial or delay of medical care claim.[2] Plaintiff originally articulated Claim 3 as the "[d]enial or delay of medical treatment" by two jail employees for "a serious medical need for a life threatening injury" that he experienced shortly after his arrest and detention at the Highland County Jail. (Doc. 2, PageID 24). The complaint relates that Plaintiff was arrested for a probation violation on February 8, 2022. (*Id.*) Previously, the undersigned assumed without discussion that, as a convicted individual

---

[2] Only Claim 3 was construed by this Court as a claim of deliberate indifference to serious medical needs arising under the Eighth Amendment. In contrast, Claims 4 and 7 were previously construed as municipal-liability claims against the Defendants in their official capacities and/or against the Highland County Sheriff. Specifically, the municipal-liability claims were construed as alleging both a "failure to train and a custom of tolerance." (Doc. 4, PageID 41). Unlike Claim 3, both Claims 4 and 7 were previously dismissed based on Plaintiff's failure to sufficiently allege unconstitutional training or an unconstitutional "policy" or "custom." (*See id.*, PageID 42-43).

4

accused of a probation violation, Plaintiff's claims of "cruel and unusual punishment," (Claim 2) and of deliberate indifference to his serious medical needs, (Claim 3), arose under the Eighth Amendment. Consistent with that analysis, Plaintiff's most recent "Addendum" repeatedly refers to the standards of the Eighth Amendment.

But in considering Plaintiff's construed motion to supplement his complaint, the undersigned reconsiders a threshold question of whether Plaintiff was a pretrial detainee or a convicted prisoner at the time his claims arose. The answer to that determination impacts the constitutional analysis. The Eighth Amendment applies only to convicted prisoners, not to pretrial detainees. The claims of a pretrial detainee are reviewed under the Due Process Clause of the Fourteenth Amendment.

> The Sixth Circuit has never explicitly decided whether someone detained for a probation violation is a pretrial detainee or convicted prisoner, and courts across the country have grappled with the difficulty of this question. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 592-93 (7th Cir. 2003) ("The confusion about the constitutional predicate for [the defendant's] claims arises from the uncertainty as to whether a detainee awaiting a hearing on a probation violation can be 'punished' under the Eighth Amendment."); *Walker v. S. Health Partners*, 576 F. Supp. 3d 516, 538-39 (E.D. Ky. 2021) ("Courts have struggled with the question of whether a prisoner detained for a suspected probation violation is a pretrial detainee."); *Hill v. Cnty. of Montgomery*, No. 9:14-CV-933, 2018 WL 2417839, at *2 (N.D.N.Y. May 29, 2018) (collecting cases) (internal quotation marks omitted) ("Whether to classify an individual detained for a suspected probation violation as a pretrial detainee or a convicted prisoner is an unresolved and difficult question.").

*Bond v. Moore*, 672 F.Supp.3d 357, 368 (E.D. Ky. 2023).

Until recently, the referenced threshold question was of little import. That is because for many years, the Sixth Circuit analyzed both Eighth Amendment and Fourteenth Amendment "deliberate indifference" claims under the same two-part test,

5

requiring a plaintiff to show both an objective component (a medical need that was "sufficiently serious") and a subjective component (that the official knew of and disregarded an excessive risk to inmate health or safety). But in *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 596 (6th Cir. 2021), the Sixth Circuit joined the Second, Seventh and Ninth Circuits in holding that *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466 (2015), requires modification of the "subjective" standard for a deliberate indifference claim brought by a pretrial detainee. *Brawner* reasoned that instead of the higher standard akin to "criminal recklessness" adopted in *Farmer* for Eighth Amendment claims, a lower "civil recklessness" standard should apply for Fourteenth Amendment claims. *Id.* Thus, whether Plaintiff was a convicted prisoner or merely a pretrial detainee at the time of the events in question significantly impacts the constitutional analysis. *See also, generally*, *Lawler ex rel. Lawler v. Hardeman Cnty., Tenn*., 93 F.4th 919, 928 (6th Cir. 2024) (holding that defendants were entitled to qualified immunity where events in question occurred prior to the publication of *Brawner*); *Sturgill v. Muterspaw*, No. 1:19-cv-594-JPH-SKB, 2024 WL 3925663 (S.D. Ohio Aug. 22, 2024) (R&R pending).

    Considering this issue, the undersigned finds the reasoning of *Bond v. Moore* to be highly persuasive. In short, absent controlling authority, Plaintiff will be considered to be a pretrial detainee at the time of the events in question. *See Bond v. Moore*, 672 F. Supp.3d at 369 (concluding that an arrestee on a probation violation is a pretrial detainee, discussing unpublished Sixth Circuit cases and similarly persuasive authority); *Jones v. Kenton Cnty., Kentucky*, No.2:23-cv-164-DCR, 2024 WL 1705210 at *3-4 (E.D .Ky. Apr. 19, 2024) (same); *but contrast Peterson v. Heinen*, 89 F.4th 628, 635 (8th Cir. 2023). The references in Plaintiff's Addendum to the Eighth Amendment do not alter the

undersigned's conclusion on this issue, because those references merely parrot the Court's prior assumption that the Eighth Amendment applied. Accordingly, Defendants should formulate any response to Plaintiff's construed motion to supplement Claim 3 as if pleaded as a violation of the Due Process Clause of the Fourteenth Amendment.

### III.     Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT:**

1. Plaintiff's "Addendum/Amendment" (Doc. 10) is hereby construed as a Motion to Supplement his Complaint in order to re-assert previously dismissed Claims 3, 4, and 7;

2. Defendants shall file any response to Plaintiff's construed motion not later than fourteen (14) days from the date of this Order, with Plaintiff to file any reply memorandum not later than fourteen (14) days after the date of service of Defendant's response;

3. Plaintiff is forewarned that no further supplements or amendments to his Complaint will be considered unless he files a separate motion to amend, and attaches to that motion a copy of the proposed supplement or amended complaint.

<u>s/Stephanie K. Bowman</u><br>
Stephanie K. Bowman<br>
United States Magistrate Judge